UNITED STATES of America,
Appellee,

v.

Lloyd BRYSON, also known as Young,
Defendant–Appellant.

No. 00–1171.

United States Court of Appeals,
Second Circuit.

Submitted: Sept. 25, 2000.

Decided: Oct. 11, 2000.

William J. Stampur, New York, New York (Hurwitz Stampur & Roth) for Defendant–Appellant.

Timothy A. Macht, Brooklyn, New York (Assistant United States Attorney, Eastern District of New York; Loretta E. Lynch and David C. James on the brief) for Appellee.

Before: CARDAMONE, JACOBS, and SACK, Circuit Judges.

PER CURIAM.

In June 1996, Lloyd Bryson pled guilty to one count of conspiring to distribute and possess with intent to distribute crack cocaine. The applicable Sentencing Guidelines, when combined with Bryson's criminal history, provided for a sentence of 135 to 168 months imprisonment for this crime (Guidelines offense level 31). The district court (Weinstein, J.) downwardly departed from offense level 31 to offense level 23, sentencing Bryson to 60 months imprisonment.

The United States appealed the sentence. In December 1998, this Court vacated the district court's decision on the ground that the downward departure was not within the district court's discretion. *See United States v. Bryson,* 163 F.3d 742 (2d Cir.1998). This Court found that there was no evidence of the sort of extraordinary rehabilitation required to merit such

a downward departure. Accordingly, we remanded the case to the district court to "resentence Bryson according to his original offense level of 31." *Id.* at 749.

On remand, the district court stated:

> [T]he remand is very precise. It doesn't give me any discretion at all. It says "31." I think myself it's a mistake for the Court of Appeals to be so rigid. Among other reasons, every time a man or woman is resentenced, particularly after the passage of a number of years, that person is a different person and may have rehabilitated or had changes in relationships and so on.... However, in this case, the Court of Appeals in its wisdom has, in effect, handcuffed me. I don't see how I can avoid the sentence under 31, Category III.

Citing this limitation, the district court sentenced Bryson to 135 months imprisonment, with credit for time served.

 The district court understandably over-read our mandate. We concluded that the record and the findings in the district court were wholly insufficient to support a downward departure for an extraordinary rehabilitation. *See Bryson,* 163 F.3d at 748. The terms of the remand—that Bryson be resentenced "according to his original offense level of 31," *id.* at 749—did not preclude a departure based on intervening circumstances, i.e., a new sentence that accords with the offense level of 31 under the Guidelines, which in turn allow for appropriate adjustments. We did not foreclose the possibility—however remote—of a rehabilitation that might occur between our decision and the resentencing. This Court has consistently held that a court's duty is always to sentence the defendant as he stands before the court on the day of sentencing. *See United States v. Core,* 125 F.3d 74, 77 (2d Cir.1997) (overturning refusal to consider post-conviction rehabilitation in resentencing, holding, "[the court] was required to consider [the defendant] as he stood before the court at that time.").

This does not, however, change our holding in *Bryson:* absent specific findings of fact demonstrating "extraordinary" rehabilitation consistent with the established caselaw of this Circuit, downward departure is an abuse of discretion. *See Bryson,* 163 F.3d at 746–48 (noting that a judge's "penal philosophy" does not, alone, justify downward departure).

The district court's judgment resentencing Bryson is VACATED and the case is remanded to the district court for further consideration consistent with this opinion.