Darien PUGHE, Petitioner–Appellee,

v.

UNITED STATES of America, Respondent–Appellant.

No. 00–1507.

United States Court of Appeals, Second Circuit.

Feb. 16, 2001.

David C. James, Assistant United States Attorney, Brooklyn, NY; Loretta E. Lynch, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney, on the brief, for appellant.

Louis M. Freeman, Freeman, Nooter & Ginsberg, New York, NY; Rachel Israel, on the brief, for appellee.

Present JACOBS, CALABRESI and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be VACATED.

After a conviction for carjacking in 1995, Darien Pughe successfully moved under 28 U.S.C. § 2255 for vacatur of his sentence based on his sentencing counsel's ineffectiveness. The United States now appeals from a judgment entered on remand in the United States District Court for the Eastern District of New York (Weinstein, *J.*), *re* sentencing Pughe principally to 84 months of imprisonment. The government argues that Judge Weinstein abused his discretion in departing downward from the prescribed Sentencing Guidelines range on the basis of Pughe's rehabilitation.

This case is in all relevant respects identical to *United States v. Bryson*, 163 F.3d 742 (2d Cir.1998), in which we held that a departure by Judge Weinstein on rehabilitation grounds was not within his discretion. As in *Bryson*, the ruling below reflects "unhappiness with the rigidity of the guidelines" rather than an evidence-based finding of "extraordinary" rehabilitation. *Id.* at 748. But, as our cases have emphasized, only the latter can support a departure.

We therefore VACATE the judgment of the district court and remand for resen-

tencing within the appropriate guideline range.[1] Of course, this mandate leaves open the "remote" possibility of a departure based on events since the entry of judgment in the district court. *United States v. Bryson,* 229 F.3d 425, 426 (2d Cir.2000) (per curiam).

Judge Jacobs would assign this case to a different district court judge on remand. *See Pescatore v. Pan American World Airways, Inc.,* 97 F.3d 1, 21 (2d Cir.1996) ("This Court has the power to remand the case to a different judge ...." (citing *Liteky v. United States,* 510 U.S. 540, 554, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("Federal appellate courts' ability to assign a case to a different judge on remand rests ... on the appellate courts' statutory power to 'require such further proceedings to be had as may be just under the circumstances,' 28 U.S.C. § 2106."))). "To reassign a case on remand, we need only find that ... 'reassignment is advisable to preserve the appearance of justice.' " *United States v. Londono,* 100 F.3d 236, 242 (2d Cir.1996) (quoting *United States v. Robin,* 553 F.2d 8, 10 (2d Cir.1977) (in banc)). Judge Jacobs notes that the district court judge made no attempt to distinguish our recent reversal of him in *United States v. Bryson,* 163 F.3d 742 (2d Cir.1998) when the case was brought to his attention. Based on that incident and other remarks by the district court judge during the sentencing proceedings, Judge Jacobs believes that reassignment is advisable in part to avoid in the future the stirring of futile hopes that the defendant and his mother

have been led to entertain. *See Robin,* 553 F.2d at 11 ("In the rare case where a judge has repeatedly adhered to an erroneous view after the error is called to his attention, *see, e.g., United States v. Brown,* 470 F.2d 285, 288 (2d Cir.1972) (court twice used improper sentencing procedure), reassignment to another judge may be advisable in order to avoid 'an exercise in futility [in which] the Court is merely marching up the hill only to march right down again,' *United States v. Tucker,* 404 U.S. 443, 452, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (Blackmun, *J.,* dissenting).").

---

1. The government did not ask us to consider the applicability of a recent guidelines amendment concerning post-sentencing rehabilitation. However, the government expressly reserved the right to argue the amendment's applicability on remand. The amendment, Guideline § 5K2.19 (Policy Statement), effective November 1, 2000, provides as follows:

Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense. (Such efforts may provide a basis for early termination of supervised release under 18 U.S.C. § 3583(e)(1).)