**10-4306-cr**
*United States v. Cash Whitmore*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of July, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> PIERRE N. LEVAL,
> ROSEMARY S. POOLER,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

   *Appellee*,

  v.               No. 10-4306-cr

CASH WHITMORE,

   *Defendant-Appellant*,

KING S. BURDEN, SAMUEL V. MCCANTS,
ELLIOT LOPEZ, MYAISHA G. WHITMORE,

**JERMAINE M. JONES, LUIS MELARA,**
**SERRIA A. MCGRIFF,**

*Defendants.*

_____

**FOR DEFENDANT-APPELLANT:**     Steven Y. Yurowitz, Newman &
                                Greenberg, New York, NY.


**FOR APPELLEE:**                Elizabeth S. Riker, Daniel Hanlon, Rajit
                                S. Dosanjh, Assistant United States
                                Attorneys, *for* Richard S. Hartunian,
                                United States Attorney for the Northern
                                District of New York, Syracuse, NY.

_____

Defendant Cash Whitmore appeals from the judgment of conviction of the

United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the case is **REMANDED** to the district court with instructions to

**VACATE** the sentence and resentence the defendant in a manner consistent with this

order.

Whitmore appeals from the sentence of, *inter alia*, 240 months of imprisonment,

entered following his guilty plea to one count of conspiracy to possess with intent to

distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 846 and

841(a)(1). We assume familiarity with the facts of the case, the proceedings below, and

the issues on appeal.

2

On appeal, Whitmore argues that he was deprived of his Sixth Amendment right to the effective assistance of counsel because his lawyer failed to argue that he should have been sentenced under the Fair Sentencing Act of 2010 (the "FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010), which would have lowered his mandatory minimum sentence from twenty years to ten years. *See* 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B). On August 3, 2010, prior to Whitmore's sentencing, Congress enacted the FSA, increasing the quantities of cocaine base required to trigger the twenty-year mandatory minimum for defendants with a prior drug felony conviction under 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams. Although Whitmore's indictment charged a conspiracy involving a "quantity of the mixture and substance containing cocaine base" that "exceeded fifty grams," the district court imposed a sentence of 240 months imprisonment pursuant to the pre-FSA mandatory minimum on September 30, 2010.

Subsequent to Whitmore's sentencing, the Supreme Court decided *Dorsey v. United States*, __ U.S. __, 132 S. Ct. 2321 (2012), holding that the FSA's "new, lower mandatory minimums . . . apply to the post-Act sentencing of pre-Act offenders." *Id.* at 2335. In supplemental briefing on appeal, the government argues that, despite *Dorsey*, Whitmore is still subject to the twenty-year mandatory minimum because Whitmore admitted responsibility for at least 1,100 grams of cocaine base in his plea agreement, triggering the post-FSA twenty-year mandatory minimum. The government describes

3

the claim of error as an error in the indictment, but contends the error was harmless. It asserts that the grand jury, if requested to do so, would have specified more than 280 grams of cocaine base in the indictment.

There was no error in Whitmore's indictment. The indictment charged Whitmore with conspiracy to possess with intent to distribute more than 50 grams of cocaine base, which quantity, under the pre-FSA penalty provision, triggered a twenty-year mandatory minimum sentence. It is true that, had the government presciently known how the statute would change the mandatory minimums for cocaine base and that the Supreme Court would find the change retroactive, it might well have sought an indictment charging a higher quantity of cocaine base. But that does not make the indictment defective or erroneous. Instead, the claim of error here is a *Dorsey* sentencing error. The district court sentenced Whitmore in the belief that he was subject to the mandatory minimum specified by the pre-FSA law–a belief consistent with our Circuit's pre-*Dorsey* precedent. *United States v. Acoff*, 634 F.3d 200, 202 (2d Cir. 2011), *abrogated by Dorsey v. United States*, __ U.S. __, 132 S. Ct. 2321 (2012), as recognized in *United States v. Highsmith*. 688 F.3d 74, 75 (2d Cir. 2012). In light of *Dorsey*, however, Whitmore's sentence is subject to the FSA, and the offense charged in the indictment, upon which he was convicted, does not involve a sufficient quantity of cocaine base to trigger the twenty-year mandatory minimum under the post-FSA penalty provision of § 841.

Accordingly, the district court's belief that Whitmore was subject to a twenty-year mandatory minimum sentence became erroneous, once *Dorsey* was decided.

We have considered the government's remaining arguments and find them to be without merit. For the foregoing reasons, the case is **REMANDED** to the district court with instructions to **VACATE** the sentence and resentence the defendant in a manner consistent with this order. Because we are remanding with instructions to vacate this sentence, on remand, the district court is not bound to consider the 240-month mandatory minimum of the pre-FSA version of 21 U.S.C. § 841(b)(1)(A). Instead, the district court's re-sentencing is to be conducted on a blank slate. *See Pepper v. United States*, 131 S. Ct. 1229, 1251 (2011) (a remand for resentencing "effectively wipe[s] the slate clean" for the district court); *see also United States v. Bryson*, 229 F.3d 425, 426 (2d Cir. 2000) (the district "court's duty is always to sentence the defendant as he stands before the court on the day of sentencing.").

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5