17-167-cr
*Shabazz v. United States of America*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2017

(Argued: February 26, 2018      Decided: April 26, 2019)

Docket No. 17-167

———————————————————

AL-MALIK FRUITKWAN SHABAZZ, fka Edward Levi Singer,

*Petitioner-Appellee,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellant.*

———————————————————

Before:

      KATZMANN, *Chief Judge*, LEVAL, *Circuit Judge*, and BERMAN, *District Judge*.[*]

      Petitioner Al-Malik Fruitkwan Shabazz petitions for rehearing of our decision of January 4, 2019, in which we concluded that his prior convictions for robbery under Con. Gen. Stat. § 53a-133 qualify as predicates under the Force Clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), and reinstated his original ACCA sentence. Held, the petition for rehearing is DENIED.

---

[*] Judge Richard M. Berman, United States District Court for the Southern District of New York, sitting by designation.

CHARLES F. WILLSON, Federal Defender's Office, Hartford, CT, *for Petitioner-Appellee*.

JOCELYN COURTNEY KAOUTZANIS (Marc H. Silverman, *on the brief*), on behalf of Deirdre M. Daly, United States Attorney, District of Connecticut, New Haven, CT, *for Respondent-Appellant*.

LEVAL, *Circuit Judge*:

Petitioner Al-Malik Fruitkwan Shabazz petitions for rehearing of our decision of January 4, 2019, in which we ruled that his prior Connecticut convictions for robbery under Con. Gen. Stat. § 53a-133 qualify as predicate convictions under the Force Clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), and reinstated his original ACCA-based sentence. *See Shabazz v. United States*, 912 F.3d 73 (2d Cir. 2019). He contends that our disposition is incompatible with our prior holding in *Villanueva v. United States*, 893 F.3d 123 (2d Cir. 2018) and with the Supreme Court's ruling in *Pepper v. United* States, 562 U.S. 476 (2011), and that we could not lawfully reinstate the original sentence that may have been imposed in reliance on an ACCA provision since found to be unconstitutional, because such reliance would have been a "structural error" not amenable to harmless error analysis.

2

We assume familiarity with the facts set forth in the January 4 opinion. We reject Shabazz's arguments and deny his motion.

**1.** Shabazz misreads *Villanueva*. While he is correct that in *Villanueva* we remanded for resentencing, rather than direct the District Court to reimpose the original sentence that had impermissibly relied on ACCA's now-defunct "Residual Clause," *Johnson v. Unites States*, 153 S. Ct. 2551 (2015) ("2015 *Johnson*") (striking down the Residual Clause as unconstitutionally vague), we neither ruled nor suggested that the latter course would have been impermissible, much less ruled that future courts in similar circumstances should follow the same course. The decision to remand for resentencing was discretionary. *See Villanueva*, 893 F.3d at 132 n.12 ("Because we have remanded for resentencing, we need not determine whether the District Court's pre-*Johnson* error of using the residual clause in imposing the original sentence was a structural or harmless error."). While it is true that we observed that the district court's duty on remand would be "to sentence the defendant as he stands before the court on the day of sentencing," *id.* at 132 (quoting *United States v. Bryson*, 229 F.3d 425, 426 (2d Cir. 2000)), that obligation was a consequence of our decision to remand for a full resentencing. It was not

3

compelled by the fact that the original sentence was passed in reliance on a statutory provision later found to be unconstitutional, nor by the fact that the district court had vacated the original sentence (based on its erroneous conclusion that the Force Clause did not apply to Villanueva's convictions).

**2.** Shabazz also misconstrues *Pepper*. In *Pepper*, the Court of Appeals for the Eighth Circuit had remanded to a district court for resentencing in light of the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005). On remand, the district court granted a downward variance based on evidence of the defendant's rehabilitation in prison since the time of the original sentence. The Eighth Circuit reversed, holding that "post-sentence rehabilitation is an impermissible factor to consider in granting a downward variance." *Pepper*, 562 U.S. at 484-85 (quoting *Pepper v. United States*, 518 F.3d 949, 953 (8th Cir. 2008)). The Supreme Court reversed the Eighth Circuit, concluding that the Court of Appeals "erred in categorically precluding the District Court from considering evidence of [the defendant's] postsentencing rehabilitation after his initial sentence was set aside on appeal." *Id.* at 504. The Supreme Court explained that, upon a remand for a plenary resentencing, a sentencing court must be allowed to consider the mandatory sentencing factors

4

in 18 U.S.C. § 3553(a) as of the time of imposition of the new sentence, and, if appropriate, to grant a departure or variance based on the defendant's conduct since the original sentencing. *Pepper* expressly clarified that it did not "mean to preclude courts of appeals from issuing remand orders, in appropriate cases, that may render evidence of postsentencing rehabilitation irrelevant in light of the narrow purposes of the remand proceeding." *Id.* at 505 n.17. In sum, *Pepper* held that where a Court of Appeals remands for a plenary resentencing, the district court must be allowed to consider the facts as they are at the time of imposing the new sentence. *Pepper* did not preclude remands that would reopen only limited aspects of the previously imposed sentence, much less require a full resentencing in cases such as this one, where the court concludes that the aspect of the sentence attacked as erroneous was in fact mandated by law, even if for a reason that differs from that given by the sentencing court.

**3.** Nor is Shabazz correct that a sentencing court's reliance on ACCA's Residual Clause, later determined to be unconstitutional, would be a structural error not susceptible to harmless error analysis. Categories of error found by the Supreme Court to be "structural" ordinarily relate to "certain basic, constitutional guarantees that should define the framework of any criminal

5

trial." *See Weaver v. Massachusetts*, 137 S. Ct. 1899, 1907 (2017). The conclusion that an error is structural depends on it being one of the "rare cases," *see Washington v. Recuenco*, 548 U.S. 212, 218 (2006), where the error is "*per se* prejudicial," *Lainfiesta v. Artuz*, 253 F.3d 151, 157 (2d Cir. 2001), "infect[ing] the entire [proceeding]," *Brecht v. Abrahamson*, 507 U.S. 619, 630 (1993), and "necessarily render[ing] a criminal [proceeding] fundamentally unfair or . . . unreliable," *Recuenco*, *supra*, at 218.[1] The Supreme Court has, however, "repeatedly recognized that the commission of a constitutional error . . . alone does not entitle a defendant to automatic reversal." *Id.*

Assuming that the District Court relied on the Residual Clause in originally sentencing Shabazz (as it later concluded that it probably had), there is no reason to consider that error structural. The ACCA enhancement applies under the Force Clause in exactly the same, quantifiable manner that it would have under the Residual Clause. To the extent the court concluded it was required to impose a sentence of at least 15 years' imprisonment, and that ACCA's provisions affecting the calculation of a defendant's offense level and

[1] Errors categorized by the Supreme Court as structural have included complete denial of counsel, a biased trial judge, racial discrimination in the selection of a grand jury, denial of self-representation at trial, denial of public trial, and a defective reasonable-doubt instruction. *Recuenco*, 548 U.S. at 218 n.2.

criminal history category applied to Shabazz, that conclusion was correct. Notwithstanding the fact that the court may have relied on a provision of ACCA later determined to be unconstitutional, the same conclusion was compelled by the Force Clause. The court's reliance on the Residual Clause rather than the Force Clause resulted in no prejudice, much less "fundamental[] unfair[ness] or unreliab[ility]." *See id.* at 219. If the district court had based its original sentence on the conclusion that ACCA applied under the Force Clause, there would have been no error at all.

We have considered Shabazz's other arguments and find them to be unpersuasive.

**CONCLUSION**

For the foregoing reasons, the Petition for Rehearing is hereby **DENIED**.