20-2698
*United States v. Sandford*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd of September, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNY CHIN,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    20-2698

JAMES EDWARD SANDFORD III, AKA "MALICE,"

*Defendant-Appellant*.\*

_____

| | |
|---|---|
| For Appellee: | TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, New York. |
| For Defendant-Appellant: | ROBERT E. WOOD, Law Office of Robert E. Wood, Rochester, NY. |

---

\*  The Clerk of Court is respectfully directed to amend the official caption as set forth above.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant James Edward Sandford III ("Sandford") appeals from the district court's order of August 10, 2020, declining to conduct a resentencing proceeding. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

* * *

An appellate court "may remand [a] cause and . . . require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106; *see also United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020) ("As a general matter, appellate courts have broad discretion to mandate further proceedings on remand."). In the sentencing context, an appellate court's discretion "extends to the scope of issues to be considered by the resentencing court." *Ojeda*, 946 F.3d at 629.

If a case is remanded for a limited (rather than *de novo*) resentencing, the "so-called 'mandate rule'" applies, which "forecloses relitigation of all issues previously waived by the defendant or decided by the appellate court." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). The mandate rule "prevents relitigation in the district court not only of matters *expressly* decided by the appellate court, but also precludes re-litigation of issues *impliedly* resolved by the appellate court's mandate." *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 175 (2d Cir. 2014) (emphasis added) (internal quotation marks omitted). "Furthermore, where the mandate limits the issues open for consideration on remand, the district

court ordinarily may not deviate from the specific dictates or spirit of the mandate by considering additional issues on remand." *Id.*

In general, a district court is required to resentence a defendant "in light of the circumstances as they stood at the time of his resentencing." *Werber v. United States*, 149 F.3d 172, 178 (2d Cir. 1998); *see also United States v. Bryson*, 229 F.3d 425, 426 (2d Cir. 2000) ("[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing."). In *Pepper v. United States*, the Supreme Court held that "a district court at resentencing *may* consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the . . . Federal Sentencing Guidelines range." 562 U.S. 476, 481 (2011) (emphasis added). Our Court has since clarified, however, that "*Pepper* held that where a Court of Appeals remands for a *plenary* resentencing, the district court must be allowed to consider the facts as they are at the time of imposing the new sentence." *Shabazz v. United States*, 923 F.3d 82, 84 (2d Cir. 2019) (emphasis added). But "*Pepper* did not preclude remands that would reopen only *limited* aspects of the previously imposed sentence . . . ." *Id.* (emphasis added). Indeed, "*Pepper* expressly clarified that it did not 'mean to preclude courts of appeals from issuing [limited] remand orders, in appropriate cases, that may render evidence of postsentencing rehabilitation irrelevant in light of the narrow purposes of the remand proceeding.'" *Id.* (quoting *Pepper*, 562 U.S. at 505 n.17).

Sandford's argument that *Sandford I* required the district court to conduct a resentencing fails. The *Sandford I* decision cannot reasonably be read to support Sandford's position. The decretal language clearly instructs the district court to conduct a resentencing only if Sandford's corrected criminal history score would result in a different sentence. And in making that narrow

determination, the district court was not required to consider any evidence of Sandford's postsentencing rehabilitation.

The five additional arguments that Sandford raises in his *pro se* supplemental brief fail as well. Sandford's first argument, that the district court erred in not considering his postsentencing rehabilitation, fails for the reasons described above. His second and third arguments — that his sentence was substantively unreasonable and that the district court made additional errors in calculating his criminal history score — were rejected in *Sandford I* and are therefore barred by the mandate rule. *Sompo Japan*, 762 F.3d at 175. Sandford's fourth and fifth arguments, while not barred by the mandate rule, are likewise meritless. Sandford argues that this Court failed to consider his strongest arguments in his initial appeal and ignored his request to stay the mandate so that he could request an extension of time to petition for a rehearing *en banc*. But an appeal of a district court's resentencing order is not the proper channel for the review of a prior decision of this Court.

We have considered Sandford's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4