*United States v. Cameron*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> DENNY CHIN,
> WILLIAM J. NARDINI,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                          19-2255

TODD A. CAMERON,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | HERBERT L. GREENMAN, Lipsitz Green Scime Cambria, LLP, Buffalo, New York. |
| For Appellee: | MONICA J. RICHARDS, Assistant United States Attorney *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, New York. |

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED in part** and the case is **REMANDED** with the direction that the district court vacate Cameron's sentence for the limited purpose of correcting the error noted herein and resentence him based upon a proper calculation of his criminal history category and Guidelines range.

Todd Cameron appeals from a July 18, 2019, judgment of the United States District Court for the Western District of New York (Arcara, *J.*) sentencing him to 36 months in prison on one count of subscribing to a false tax return, in violation of 26 U.S.C. § 7206(1), and 51 months in prison on one count of harboring an illegal alien for financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i), to run concurrently, and ordering restitution to the Internal Revenue Service. We assume the parties' familiarity with the underlying facts and the procedural history of the case. On appeal, Cameron challenges his sentence on procedural and substantive grounds. He argues principally that the district court failed to group his offenses as required under U.S.S.G. § 3D1.2. Cameron further argues — and the Government agrees — that the district court improperly calculated Cameron's criminal history category under U.S.S.G. § 4A1.2. Finally, he asserts that the district court, by failing to adequately consider mitigating circumstances, erred procedurally in assessing the factors listed in 18 U.S.C. § 3553(a) and substantively in imposing an unreasonable sentence.

"We review a sentence for both procedural and substantive reasonableness." *United States v. Kent*, 821 F.3d 362, 367 (2d Cir. 2016). A "deferential abuse-of-discretion standard" applies. *United States v. Sampson*, 898 F.3d 287, 311 (2d Cir. 2018) (quoting *United States v.*

*Young*, 811 F.3d 592, 598 (2d Cir. 2016)). A procedural error arises when the district court "fails to calculate the Guidelines range," "makes a mistake in its Guidelines calculation," or "fails adequately to explain its chosen sentence," among other reasons. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). A substantive error arises "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). "The district court's interpretation and application of the sentencing guidelines is a question of law, which we review *de novo*." *Kent*, 821 F.3d at 368.

For the reasons stated herein, we affirm in part, rejecting Cameron's claim that his offenses were not properly grouped and discerning no procedural error in the district court's consideration of mitigating circumstances. We agree, however, that Cameron's criminal history was improperly calculated and so remand with directions that Cameron's sentence be vacated for the limited purpose of correcting this error and resentencing him based on the corrected criminal history calculation, with its attendant effect on Cameron's Guidelines range.[1] *See United States v. Quintieri*, 306 F.3d 1217, 1226 (2d Cir. 2002). We decline to reach Cameron's claim of substantive error. *See Cavera*, 550 F.3d at 190 (noting that upon discerning a "significant

---

[1] At oral argument, the parties disagreed about the scope of the resentencing on remand, including, for example, whether the district court may consider events that occurred after the original sentence. Generally, "even when a remand is limited, an issue may be raised if it arises as a result of events that occur after the original sentence." *United States v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002); *see also United States v. Bryson*, 229 F.3d 425, 426 (2d Cir. 2000) (per curiam) (holding that even when the remanding opinion ordered resentencing at a specific offense level, the district court could depart from this level if there were "intervening circumstances"). As the Supreme Court explained in *Pepper v. United States*, however, courts of appeal may "issu[e] limited remand orders, in appropriate cases, that may render evidence of postsentencing rehabilitation irrelevant in light of the narrow purposes of the remand proceeding." 562 U.S. 476, 505 n.17 (2011). We do not issue our remand order in this case with such a narrow purpose. Accordingly, Cameron may address intervening circumstances during his resentencing.

procedural error," the reviewing court may remand rather than "proceed[ing] to review the sentence for substantive reasonableness").

## I. Base Offense Level Calculation

Under the United States Sentencing Guidelines, a sentencing court calculates a single, combined offense level for a multi-count indictment by, in appropriate cases, grouping certain counts into "distinct Groups of Closely Related Counts." U.S.S.G. § 3D1.1(a)(1). Counts shall be grouped together when, among other scenarios, they "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan," U.S.S.G. § 3D1.2(b), or "[w]hen the offense level" for each separate count "is determined largely on the basis of the total amount of harm or loss . . . or some other measure of aggregate harm," U.S.S.G. § 3D1.2(d). Cameron argues that the district court should have grouped his tax and immigration offenses in calculating his base offense level pursuant to these provisions. We disagree and conclude that his offenses do not fulfill the criteria for grouping.

First, his counts did not harm the "same victim," or societal interest, as required pursuant to § 3D1.2(b). When an offense lacks an identifiable victim for the purposes of § 3D1.2(b), the "victim" is defined as the "societal interest that is harmed," and a court may group counts that implicate "closely related" societal interests. U.S.S.G. § 3D1.2 app. n.2. Here, the tax offense harmed societal interests in voluntary compliance with tax laws and the funding of government operations, whereas the immigration offense endangered Cameron's noncitizen workers and implicated societal interests in controlling the borders and respecting the work authorization of noncitizens. *See United States v. Kim*, 896 F.2d 678, 687 (2d Cir. 1990) (holding that counts of possessing counterfeit money and smuggling undocumented aliens, even in the same episode, could not be grouped because the "interests protected by the immigration laws and the currency

4

laws are so distinct"); *see also United States v. Odofin*, 929 F.2d 56, 61 (2d Cir. 1991) (noting that interests served by narcotics and passport laws are distinct, rendering grouping impermissible).

Nor could Cameron's offenses be properly grouped pursuant to § 3D1.2(d). The offense level for each of Cameron's separate offenses was not "determined largely on the basis of the total amount of harm" as required under § 3D1.2(d). Instead, the offense level for Cameron's immigration offense depended on both the nature of the crime and the number of noncitizens involved. *See* U.S.S.G. § 2L1.1. The offense level for his tax offense hinged on a different metric: the total tax loss. *See* U.S.S.G. §§ 2T1.1; 2T4.1. Accordingly, the district court correctly declined to group the counts in calculating Cameron's offense level and we reject Cameron's claim to the contrary.

## II. Criminal History Category Calculation

We turn next to the criminal history calculation. In calculating criminal history points, a sentencing court treats prior sentences as a single sentence where (1) there is no "intervening arrest" — that is, an arrest for the first offense before the commission of the second offense — and (2) either one of the following is true: "(A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2). Both Cameron and the Government concur that the district court improperly failed to treat two offenses he committed in 2004 as a single sentence. We agree. As indicated by the Presentencing Report ("PSR"), Cameron committed the first offense of issuing a bad check on July 19, 2004, was arrested for the offense on October 21, 2004, and was sentenced on June 23, 2005. PSR ¶ 90. He committed the second offense of aggravated unlicensed operation of a motor vehicle on October 3, 2004, was arrested for the offense on October 3, 2004, and was sentenced on June 23, 2005. PSR ¶ 89. No intervening arrest separated the two offenses

5

because he committed the second offense *before* his arrest for the first offense, and the sentences for the offenses were imposed on the same day, satisfying the § 4A1.2(a)(2) requirements. Thus, the district court erred in failing to treat the two offenses as a single sentence in calculating Cameron's criminal history points. This error is not harmless, as the recalculation reduces Cameron's total criminal history points to nine and criminal history category to IV, which places him in a new sentencing range. U.S.S.G. Ch. 5, Pt. A. Accordingly, we remand with the direction that Cameron's sentence be vacated for the limited purpose of correcting this error and resentencing him based on the appropriate calculation of his criminal history and Guidelines range.

\* \* \*

Cameron argues, finally, that the district court failed both procedurally and substantively in affording inadequate weight and attention to mitigating circumstances such as his family obligations, business, and recent sobriety, and contends that his charitable deeds "seemingly were not considered at all." Appellant's Br. at 35. He also asserts that the court "at the very least . . . should have considered the circumstances of [his] plea," as the plea agreement stipulated a lower sentencing range. Appellant's Br. at 39. We discern no procedural error in the district court's consideration of the § 3553(a) factors. In light of the resentencing that we direct, however, we do not reach Cameron's corollary claim that his sentence was substantively unreasonable.

Accordingly, we **AFFIRM in part** the judgment of the district court and **REMAND** the case with the direction that the district court vacate Cameron's sentence for the limited purpose of correcting the error noted herein and resentence him based upon a proper calculation of his criminal history category and Guidelines range.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6