United States v. Francois

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-one.

PRESENT:  AMALYA L. KEARSE,
          RAYMOND J. LOHIER, JR.,
          MICHAEL H. PARK,
                  *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

     *Appellee*,

     v.                          No. 20-3752-cr

DANIEL FRANCOIS, AKA BEAR,

     *Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:      JAMES P. MAGUIRE, Assistant Federal Defender, *for* Terry S. Ward, Federal Defender for the District of Connecticut, Hartford, CT

FOR APPELLEE:      MARIA DEL PILAR GONZALEZ, Assistant United States Attorney (Margaret M. Donovan, Marc H. Silverman, Assistant United States Attorneys, *on the brief*), *for* Leonard C. Boyle, Acting United States Attorney for the District of Connecticut, New Haven, CT

Appeal from an amended judgment of the United States District Court for the District of Connecticut (Janet B. Arterton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment of the District Court is AFFIRMED.

Daniel Francois, who pleaded guilty to unlawfully possessing firearms as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), appeals from a November 12, 2020 amended judgment of conviction entered by the United States District Court for the District of Connecticut (Arterton, J.) sentencing him

principally to a term of 65 months' imprisonment.   Before sentencing, the District Court held an evidentiary hearing pursuant to United States v. Fatico, 579 F.2d 707 (2d Cir. 1978), to resolve the parties' dispute concerning the application of two sentencing enhancements related to the number of firearms in Francois's possession and whether they had been stolen.   Based in part on a government informant's sworn statement that Francois had previously provided her with crack cocaine in exchange for three stolen firearms, as well as Francois's admission that he exchanged narcotics for two firearms with an undercover government agent, the District Court applied two two-level sentencing enhancements, yielding a Sentencing Guidelines range of 57–71 months.   On appeal, Francois challenges the procedural and substantive reasonableness of his sentence.   We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

1.   Procedural Reasonableness

Francois principally argues that the District Court procedurally erred by relying on the uncorroborated, unreliable out-of-court statement of the

Government's informant to find that Francois was the person with whom the informant had traded the three stolen guns and calculate the applicable Guidelines range.    We review the District Court's evidentiary rulings and the reasonableness of the sentence for abuse of discretion.    See United States v. Robinson, 702 F.3d 22, 36 (2d Cir. 2012) (evidentiary rulings); United States v. Ojeda, 946 F.3d 622, 627 (2d Cir. 2020) (reasonableness of sentence).

At sentencing, the District Court was entitled to consider the sworn out-of-court statement from the informant so long as it was sufficiently corroborated by other evidence.    Fatico, 579 F.2d at 713; see United States v. Simmons, 164 F.3d 76, 79 (2d Cir. 1998) ("Generally, sentencing judges are not restricted to information that would be admissible at trial.    18 U.S.C. § 3661.    Any information may be considered, so long as it has sufficient indicia of reliability to support its probable accuracy." (quotation marks omitted)); United States v. Gomez, 580 F.3d 94, 105 (2d Cir. 2009) ("The sentencing court's discretion is largely unlimited either as to the kind of information it may consider, or the source from which it may come. . . .    A sentencing court is free to consider hearsay evidence . . . ." (quotation marks omitted)); cf. United States v. Wagner,

4

989 F.2d 69, 73 (2d Cir. 1993) ("If a substantial amount of information from an informant is shown to be reliable because of independent corroboration, then it is a permissible inference that the informant is reliable and that therefore other information that he provides, though uncorroborated, is also reliable.").

Here, the informant's sworn statement provided a detailed description of three instances when she gave Francois a stolen gun in exchange for crack cocaine, and we conclude that sufficient evidence corroborated material aspects of her statement. In particular, as the District Court observed, the informant provided "very unique" details about Francois's method of conducting the drugs-for-guns sales, which Francois largely followed during a controlled drug buy with the informant on May 15, 2019, that law enforcement surveilled, and during an undercover operation on May 20, 2019, where Francois met with an undercover agent and, when asked to give the agent five grams of crack cocaine in exchange for guns, responded in a way that was consistent with the informant's description of their past transactions. For these reasons, it was not an abuse of discretion for the District Court to consider and rely upon the informant's sworn statement to apply the challenged enhancements at

5

sentencing.

Francois separately argues that the District Court erred when it did not require the disclosure of the informant's identity without explaining whether there was good cause for the nondisclosure. Because Francois never objected to the nondisclosure of the informant's identity or the lack of an explanation, however, we review for plain error. See United States v. Ramos, 979 F.3d 994, 998 (2d Cir. 2020). Upon review of the record, we find no error, plain or otherwise.

"Due Process does not prevent use in sentencing of out-of-court declarations by an unidentified informant where there is good cause for the nondisclosure of his identity and there is sufficient corroboration by other means." Fatico, 579 F.2d at 713. Given the obvious risks of harm in publicly identifying an informant who cooperated with law enforcement against a drug dealer with a violent past, the District Court had cause to decline to disclose the informant's identity. And given the obviousness of those risks, the court's failure to give an explanation — in the absence of any party's request for one — was not an error. We therefore conclude that the District Court properly

considered the informant's statement and that the sentence is not procedurally unreasonable.

2. Substantive Reasonableness

Finally, Francois challenges his sentence as substantively unreasonable. "Our review for substantive unreasonableness is particularly deferential" because we give "due respect [to] the sentencing court's very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." United States v. Singh, 877 F.3d 107, 115 (2d Cir. 2017) (quotation marks omitted). After carefully considering the seriousness of Francois's offense balanced against several mitigating factors, the District Court imposed a sentence that was at the midpoint of the applicable Guidelines range of 57–71 months. While there is no presumption that a within-Guidelines sentence is substantively reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Wagner-Dano, 679 F.3d 83, 95 (2d Cir. 2012) (quotation marks omitted). The District Court's sentence here fell well within the "range of permissible

7

decisions" and was therefore not substantively unreasonable.  <u>Id.</u> (quotation marks omitted).

We have considered Francois's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the amended judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court