20-839-cr (L)
United States v. Morales

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand twenty-two.

PRESENT:   ROSEMARY S. POOLER,
                      DENNY CHIN,
                      RAYMOND J. LOHIER, JR.,
                                *Circuit Judges.*
------------------------------------------------------------------

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                                    Nos. 20-839-cr,
                                                                          20-1045-cr

BRYAN MORALES, AKA SEALED
DEFENDANT #4, YAN MORALES, AKA
SEALED DEFENDANT #3,

                    *Defendants-Appellants*.*
------------------------------------------------------------------

---

\*   The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT
BRYAN MORALES:                    AMY ADELSON, Law Offices of
                                 Amy Adelson LLC, New York,
                                 NY

FOR DEFENDANT-APPELLANT
YAN MORALES:                     Lisa A. Peebles, Federal Public
                                 Defender, Melissa A. Tuohey,
                                 Assistant Federal Public
                                 Defender, Office of the Federal
                                 Public Defender, Northern
                                 District of New York,
                                 Syracuse, NY

FOR APPELLEE:                    PAUL D. SILVER, Assistant
                                 United States Attorney, *for*
                                 Carla B. Freedman, United
                                 States Attorney for the
                                 Northern District of New York,
                                 Albany, NY

Appeal from two judgments of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Bryan Morales's appeal is DISMISSED, and the judgment of the District Court as to Yan Morales is AFFIRMED.

Bryan Morales and Yan Morales appeal from their respective judgments of conviction in the United States District Court for the Northern District of New

York (Suddaby, C.J.). They were indicted, along with ten co-defendants, for conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin sometimes mixed with fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count 1 of the indictment). Bryan Morales was also charged with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 4). On August 15, 2019, Bryan Morales pleaded guilty to Count 1 pursuant to a plea agreement, and he was principally sentenced to a mandatory minimum term of imprisonment of ten years on February 24, 2020. Yan Morales pleaded guilty to Count 1 on August 14, 2019, and he was principally sentenced to twenty years' imprisonment on March 12, 2020. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

3

**I.      Bryan Morales**

We begin with Bryan Morales's appeal.   As part of his plea agreement, he waived any right to appeal or collaterally attack his conviction or sentence of imprisonment, provided the sentence was 151 months or less, except that he did not waive the right to raise an ineffective assistance of counsel claim.   Joint App'x 101.

"This Court has repeatedly held that a knowing and voluntary waiver of the right to appeal a sentence is presumptively enforceable."   United States v. Ojeda, 946 F.3d 622, 629 (2d Cir. 2020).   We have recognized only a select few exceptions to that principle, including "(1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases; (3) where the government breached the agreement containing the waiver; and (4) where the district court failed to enunciate any rationale for the defendant's sentence."   United States v. Burden, 860 F.3d 45, 51 (2d Cir. 2017) (quotation marks omitted).   And we have enforced appeal waivers "even in circumstances where the sentence was conceivably imposed in an illegal fashion

4

or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement." Ojeda, 946 F.3d at 629 (quotation marks omitted).

On this record, we reject Bryan Morales's argument that his appeal waiver was not made knowingly and voluntarily. The terms of the plea agreement, including the appeal waiver, are clear. The agreement established that the District Court was not bound by any agreed-upon recommendations, stipulations, or requests, and the agreement also informed him that he would not be able to appeal a sentence of imprisonment that was less than a term of 151 months. This case is thus distinguishable from United States v. Rosa, 123 F.3d 94 (2d Cir. 1997), where we considered the possibility that a sentence could fall "so far beyond the anticipated range" that "deny[ing] the right of appeal would raise serious questions of fundamental fairness." Id. at 101. Moreover, at his plea proceeding, the District Court confirmed the following: that Bryan Morales was pleading guilty freely and voluntarily; that he had reviewed his plea agreement with his counsel and that he understood it; that unless he satisfied the criteria for safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, he would be subject to a 10-year mandatory minimum sentence; and that he was

5

waiving his right to appeal any sentence to a term of imprisonment of 151 months or less.   Joint App'x 74, 81–88.

Bryan Morales next argues that the District Court, prior to sentencing, erroneously concluded that he was ineligible for safety-valve relief from the mandatory minimum sentence because he failed to truthfully provide to the Government all information he had about his offense or offenses that were part of the same course of conduct, as required under 18 U.S.C. § 3553(f)(5).   Because, as explained, we reject the argument that the appeal waiver was not entered into knowingly and voluntarily, the waiver is enforceable notwithstanding any error regarding safety-valve relief.   See United States v. DeJesus, 219 F.3d 117, 123 (2d Cir. 2000).

Bryan Morales also argues that he received ineffective assistance of counsel, and that we should vacate his sentence as a result.   While that challenge is not barred by the appeal waiver, "the facts necessary for resolution of the claim do not appear in the district court record."   United States v. Lloyd, 901 F.3d 111, 125 (2d Cir. 2018).   Because there is no evidence regarding counsel's representation of Bryan Morales leading up to his decision to enter the

6

plea agreement and waive his right to appeal or collaterally attack his sentence, we follow "our usual practice" of not considering the ineffective assistance claim on direct appeal, "leav[ing] it to the defendant to raise the claim[] on a petition for habeas corpus under 28 U.S.C. § 2255." Id. (quotation marks omitted).

We therefore dismiss Bryan Morales's appeal in its entirety.

**II.    Yan Morales**

We next turn to Yan Morales's argument that his sentence was both procedurally and substantively reasonable. We review sentences for unreasonableness, which "amounts to review for abuse of discretion." United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc).

Yan Morales's only claim of procedural error is that the District Court mistakenly determined that his offense qualified as a controlled substance offense for purposes of the career offender sentencing enhancement under U.S.S.G. §§ 4B1.1 and 4B1.2(b). As he concedes, his argument is foreclosed by our decision in United States v. Tabb, 949 F.3d 81 (2d Cir. 2020), where we held that 21 U.S.C. § 846 can serve as a predicate offense for purposes of the enhancement. Id. at 88; see also Yan Morales Br. 19 n.5. Ordinarily, "[a]

7

decision of a panel of this Court is binding unless and until it is overruled by the Court en banc or by the Supreme Court." Jones v. Coughlin, 45 F.3d 677, 679 (2d Cir. 1995). Tabb requires that we reject his claim of procedural unreasonableness.

Yan Morales's substantive reasonableness challenge is also unavailing. In support of his argument that the sentence was substantively unreasonable, Yan Morales first argues that had he not been designated a career offender, the Guidelines range would have been significantly lower. He then argues that the District Court could have imposed a lower sentence had it considered whether the sentence imposed would result in unwarranted sentence disparities. He contends that these two factors caused the District Court to impose a substantively unreasonable sentence. We disagree.[1] As noted, the District Court correctly calculated the Guidelines range, and the 240-month term of imprisonment that Yan Morales received was below the Guidelines range. "[I]n

---

[1] Yan Morales relies exclusively on the argument that these alleged errors resulted in a substantively unreasonable sentence, and he does not contend that the alleged errors rendered the sentence procedurally unreasonable. We therefore view these challenges as pertaining only to his claim of substantive unreasonableness.

the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Bryant, 976 F.3d 165, 181 (2d Cir. 2020) (quotation marks omitted). So too here. Under these circumstances, the District Court did not abuse its discretion when it imposed a sentence of 240 months, which is within the broad range of permissible decisions. See United States v. Caraher, 973 F.3d 57, 64 (2d Cir. 2020).

We have considered the appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, Bryan Morales's appeal is DISMISSED, and the judgment of the District Court as to Yan Morales is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court