20-3824-cr (L)
United States v. Elliott

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-two.

PRESENT:   REENA RAGGI,
                    RICHARD C. WESLEY,
                    RAYMOND J. LOHIER, JR.,
                            *Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

　　　　　*Appellee,*

　　　v.                                                    Nos. 20-3824-cr,
                                                                  21-60-cr

ALEXANDER ELLIOTT, AKA ALEX
CAMACHO, AKA SEALED DEFENDANT #5,

　　　　　*Defendant-Appellant.*

-----------------------------------------------------------------

FOR DEFENDANT-APPELLANT:    Jeffrey R. Parry, Esq., Fayetteville, NY

FOR APPELLEE:    Geoffrey J.L. Brown, Thomas R. Sutcliffe, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED.

Alexander Elliott appeals from a judgment of conviction entered on November 10, 2020, in the United States District Court for the Northern District of New York (Hurd, J.), following his guilty plea to conspiring to distribute one hundred kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). Elliott was sentenced principally to a term of imprisonment of 140 months. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

As part of his plea agreement, Elliott waived any right to appeal or collaterally attack his conviction or "[a]ny sentence to a term of imprisonment of 327 months or less." App'x 85–86. During his plea hearing, Elliott acknowledged that he had reviewed the plea agreement with his attorney, both the Government and the District Court advised Elliott of the appeal waiver provision in the agreement, and Elliott confirmed that he understood the provision and still wished to plead guilty. App'x 38–40, 49–50. Elliott thus knowingly, voluntarily, and competently waived his right to challenge on appeal the term of imprisonment that he received. On appeal, Elliott nevertheless claims that the appeal waiver is unenforceable, and that he may now challenge his sentence of 140 months' imprisonment. We are not persuaded.

"This Court has repeatedly held that a knowing and voluntary waiver of the right to appeal a sentence is presumptively enforceable." United States v. Ojeda, 946 F.3d 622, 629 (2d Cir. 2020). The few exceptions to the enforceability of such a waiver include: "(1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial or other prohibited

3

biases; (3) where the government breached the agreement containing the waiver; and (4) where the district court failed to enunciate any rationale for the defendant's sentence." United States v. Burden, 860 F.3d 45, 51 (2d Cir. 2017) (quotation marks omitted). As we explained in United States v. Riggi, 649 F.3d 143 (2d Cir. 2011), our analysis turns on "the nature of the right at issue and whether the sentence was reached in a manner that the plea agreement did not anticipate." Id. at 148 (quotation marks omitted). "[A] defendant pleading guilty can waive elemental constitutional and statutory rights." Id. (quotation marks omitted). But only under very limited circumstances can waiver of such rights have such an "overriding impact on public interests" that it may "irreparably discredit the federal courts" and require reconsideration of the defendant's sentence. Id. (quotation marks omitted).

With these principles in mind, we conclude that Elliott's appeal waiver is enforceable. To begin, Elliott argues that the 327-month term of imprisonment referenced in the appeal waiver provision of his plea agreement far exceeded the 235-month maximum sentence reflected in his Pre-Sentence Report. He appears to claim that the agreement must be voided as the product of a mutual mistake

by the parties concerning the correct Guidelines sentence because the appeal waiver "contemplates an impossibility." Appellant's Br. 1. But even "[a] mutual mistake concerning the proper Guidelines range is an insufficient basis to void a plea agreement," particularly where the plea agreement contains "express provisions with respect to the possibility of a mistaken prediction as to sentencing calculations." Riggi, 649 F.3d at 149 (quoting United States v. Rosen, 409 F.3d 535, 548–49 (2d Cir. 2005)). Here, Elliott's plea agreement provided that any estimate of the sentencing guidelines range "is preliminary" and "is not binding on the parties to this agreement, the Probation Office, or the Court." App'x 89. "An agreement that has made such express provisions with respect to the possibility of a mistaken prediction as to sentencing calculations is not a proper candidate for rescission on the ground of mutual mistake when that possibility has come to fruition." Rosen, 409 F.3d at 548–49.[1] We thus need not decide whether the 327-month term of imprisonment referenced in the appeal

---

[1] Rosen did not involve an appeal waiver provision, but as we noted in Riggi, "we see no reason why Rosen's approach would not be valid in this context as well." Riggi, 649 F.3d at 149.

waiver provision was possible or realistic in order to determine that the waiver itself was enforceable.

Next we address Elliott's argument that his 140-month sentence is procedurally and substantively unreasonable. As for his procedural challenge, Elliott argues that the District Court improperly weighed the factors set forth in 18 U.S.C. § 3553(a). He also insists that the sentence imposed by the District Court, though below the statutory maximum and at the lower end of the applicable Guidelines range, is disproportionate to his marijuana offense of conviction and therefore substantively unreasonable. Elliott's appeal waiver precludes his present challenge to the substantive and procedural reasonableness of his sentence. Indeed, "we have upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement." United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000).

Finally, we turn to Elliott's Eighth Amendment challenge to the length of his sentence. An appeal waiver provision is unenforceable if "a fundamental

6

right" was violated or the defendant's "sentence was reached in a manner that the plea agreement did not anticipate." Riggi, 649 F.3d at 147-48 (quotation marks omitted). Otherwise, a defendant can waive his right to appeal a range of "meaningful errors," including violations of "elemental constitutional and statutory rights." Id. (quotation marks omitted). Thus, an appeal waiver provision is not unenforceable simply because a defendant argues that his sentence violated a constitutional provision. Here, Elliott does not persuasively claim that "a fundamental right" was violated or that his "sentence was reached in a manner that the plea agreement did not anticipate." Id. We therefore conclude that Elliott's appeal waiver also precludes our review of his Eighth Amendment challenge.

We have considered Elliott's remaining arguments and conclude that they are without merit. For the foregoing reasons, the appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court