21-2090-cr
United States v. Holland

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty-three.

PRESENT:

GUIDO CALABRESI,
MICHAEL H. PARK,
WILLIAM J. NARDINI,
    *Circuit Judges.*

_____

United States of America,

    *Appellee,*

    v.

Matthew Holland,                                   21-2090

    *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:        ANDREW H. FREIFELD, New York, N.Y.

FOR APPELLEE:        KATHERINE A. GREGORY, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, N.Y.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Holland's appeal is **DISMISSED** in part and the judgment of the district court is **AFFIRMED**.

Appellant Matthew Holland pled guilty to production of child pornography in violation of 18 U.S.C. § 2251(a) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced Holland to a 600-month term of imprisonment, at the highest end of the parties' stipulated Guidelines range. Holland appeals, claiming that his plea was not knowing and voluntary because he was not adequately informed of the nature of the charges against him, that his sentence is procedurally and substantively unreasonable, and that he was denied effective assistance of counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I. Validity of the Guilty Plea**

Holland first argues that his convictions should be vacated because his guilty plea was not knowing, voluntary, and intelligent. Rule 11 requires that a district court, when considering a guilty plea, "inform the defendant of, and determine that the defendant understands, the . . . nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). "[T]he constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

2

When, as here, a Rule 11 claim was not made in the district court, we review for plain error. Fed. R. Crim. P. 11(h) ("A variance from the requirements of this rule is harmless error if it does not affect substantial rights."); *United States v. Dominguez Benitez*, 542 U.S. 74, 80-83 (2004); *United States v. Vonn*, 535 U.S. 55, 59 (2002). "Plain error review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Pattee*, 820 F.3d 496, 505 (2d Cir. 2016) (cleaned up).

Holland argues that his plea was invalid because (1) certain images that he stipulated were child pornography were not, in fact, child pornography and (2) his sentencing exposure was misstated in the plea agreement and by the government during the plea colloquy because he was not properly advised that his charges involved images of prepubescent minors. We conclude that he has not shown any error, let alone plain error, in the plea proceedings. The district court specifically asked Holland whether he understood the definition of child pornography and whether he understood the sentence associated with possession of child pornography involving a prepubescent minor. In response, Holland made clear that he fully understood the nature of his charges and his potential sentence. Holland further affirmed that he read and understood the plea agreement, reviewed the plea agreement with his counsel, and had sufficient time to discuss the plea agreement with his counsel. He further admitted that the materials in question constituted child pornography. We thus conclude that Holland's plea was supported by an adequate factual basis, that he was properly informed of his sentencing exposure, and that his plea was knowing, voluntary, and intelligent.

## II. Enforceability of the Sentencing Appeal Waiver

Holland also challenges the substantive and procedural reasonableness of his sentence. The government argues that these claims are barred by a valid appellate waiver in Holland's plea agreement. We agree with the government. Holland's plea agreement contained a waiver of the right to challenge his sentence to a term of imprisonment on appeal, so long as that term was no higher than 600 months. "This Court has repeatedly held that a knowing and voluntary waiver of the right to appeal a sentence is presumptively enforceable." *United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020). Such an appeal waiver does not "bar challenges to the process leading to the plea," including claims of a violation of Rule 11. *United States v. Lloyd*, 901 F.3d 111, 118 (2d Cir. 2018). But, as discussed above, Holland has failed to show a violation of Rule 11 or any other error in the process leading to the plea. In particular, we note that the district court canvassed Holland at length about the appellate waiver, and Holland confirmed that he understood its impact. Accordingly, his appellate waiver is enforceable, and we thus dismiss his claims relating to the substantive and procedural reasonableness of his sentence. *See United States v. Buissereth*, 638 F.3d 114, 117-18 (2d Cir. 2011).

## III. Ineffective Assistance of Counsel

Holland independently challenges both his conviction and his sentence on the grounds that his trial counsel was constitutionally ineffective. "In order to succeed on a claim that he has been denied constitutionally effective assistance of counsel, the defendant must show both (a) 'that counsel's representation fell below an objective standard of reasonableness' and (b) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. DiTomasso*, 932 F.3d 58, 69 (2d Cir. 2019) (quoting

4

*Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).  Holland alleges "the improvident acceptance of a guilty plea," so in order to satisfy *Strickland*'s second, prejudice prong, he must "show that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (quotation marks omitted).

When addressing ineffective assistance claims on direct appeal, this Court has three options: "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for a writ of habeas corpus . . . ; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *Lloyd*, 901 F.3d at 124 (cleaned up).  "[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" because the trial record is "often incomplete or inadequate." *Massaro v. United States*, 538 U.S. 500, 504-05 (2003).  "This court has, however, entertained ineffective assistance claims for the first time on direct appeal when their resolution is beyond any doubt or to do so would be in the interest of justice." *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted); *see, e.g.*, *United States v. Graham*, 51 F.4th 67, 81 (2d Cir. 2022) (resolving ineffective assistance claim on direct appeal "without waiting for a collateral challenge" where there was "no need for further fact-finding"); *United States v. Freeman*, 17 F.4th 255, 265-66 (2d Cir. 2021) (resolving, on direct appeal, claim that counsel was ineffective in connection with guilty plea).

Here, the record clearly establishes that Holland's claim of ineffective assistance of counsel fails.  First, insofar as Holland faults counsel's performance in failing to ensure that Holland understood the nature of the charges and that there was a factual basis for the plea, he fails to

5

satisfy the first prong of *Strickland*, which requires a showing that counsel's performance was deficient. As explained above, the record contradicts any claim that Holland did not understand the nature of the charges against him; Holland's voluntary admissions that the material in question constituted child pornography provide an ample factual basis for the plea; and there is nothing in the record undermining either of these conclusions. *See Freeman*, 17 F.4th at 266 (rejecting claim of ineffective assistance because, among other things, defendant's "own sworn statements [during the plea colloquy] contradict" his claims on appeal). Holland also faults counsel for allegedly failing to ensure that Holland understood the sentencing consequences he faced. But Holland admits that this purported misunderstanding caused him "no prejudice" and that "he cannot show that he wouldn't have pled guilty" with correct information. *See* Appellant Br. at 41. Accordingly, this sentence-related claim cannot satisfy the second prong of *Strickland*, which requires a showing of prejudice.

We have considered all of Holland's remaining arguments and find them to be without merit. For the foregoing reasons, Holland's appeal is **DISMISSED** to the extent that it challenges his sentence, and the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6