*United States v. Beardsley*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand twenty-six.

PRESENT:

> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                              No. 25-583

MICHAEL J. MURPHY, a.k.a. Red, TYLER N. TEDESCO, MILLER HAGGA, a.k.a. Kido, KYLIE M. REEVES, GARLAND M. BEARDSLEY,

a.k.a. Charlie Beardsley, AUSTIN GORDON,
GISELLE BENNETT,

*Defendants*,

ROCCO A. BEARDSLEY,

*Defendant-Appellant*.

_____

**For Defendant-Appellant:**        PETER J. TOMAO, Garden City, NY.

**For Appellee:**        CHARLES M. KRULY (Tiffany H. Lee, *on the brief*), Assistant United States Attorneys, *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 3, 2025 judgment of the district court is **AFFIRMED**.

Rocco A. Beardsley appeals his sentence of 300 months' imprisonment following his plea of guilty to (i) one count of conspiracy to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and (ii) one count of distribution of acetyl fentanyl and fentanyl causing death, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. On appeal,

Beardsley argues that the district court erred when it sentenced him without first verifying that he had read his Presentence Investigation Report ("PSR" or "presentence report"). *See* Fed. R. Crim. P. 32(i)(1)(A). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I. Background

Beardsley pleaded guilty in March 2024 pursuant to a plea agreement that stipulated a sentencing range of 264 to 300 months' imprisonment. By signing the agreement, Beardsley also waived his right to appeal any sentence equal to or less than life imprisonment. Counsel represented Beardsley at his plea, but after Beardsley advised the district court in August that he no longer wished for his attorneys to represent him, the court permitted him to proceed *pro se*.

On February 28, 2025, after multiple adjournments and a use-of-force order to compel his appearance in court, Beardsley appeared for sentencing. During the sentencing proceeding, the district court asked Beardsley whether he had received and reviewed his presentence report. Beardsley replied that he had received the PSR weeks before but admitted that it had been "sitting on [his] table" and he had not read it. App'x at 387. When the court subsequently inquired as to whether he had any objections to the PSR, Beardsley answered, "I have no clue what I'm

3

objecting to or looking for." *Id.* at 390. Nevertheless, Beardsley made clear that he wanted "no more postponements" to his sentencing and that he was ready to proceed. *Id.* at 388–89.

After that, the district court calculated the applicable Sentencing Guidelines range – which it found to be life imprisonment – and then discussed the objectives of sentencing set forth in 18 U.S.C. § 3553(a). The court also heard from a family member of the individual to whom Beardsley had sold a lethal dose of fentanyl, and then from the government and from Beardsley, who apologized to the family representative and to everyone else he had harmed by selling drugs. Beardsley acknowledged that he was likely to receive a sentence of "25 years," before again apologizing. *Id.* at 405. The district court then sentenced Beardsley to a term of imprisonment of 300 months (*i.e.*, twenty-five years), followed by five years' supervised release.

## II.  Discussion

Beardsley contends that the district court erred when it sentenced him after he told the court that he had not read his PSR. He argues that such a sentence violated Federal Rule of Criminal Procedure 32(i)(1)(A), which requires that a sentencing court "must verify that the defendant . . . ha[s] read . . . the presentence report and any addendum to the report" before sentencing. We disagree.

4

While we generally review sentencing decisions under a deferential abuse-of-discretion standard, questions of law are reviewed *de novo*, *United States v. Ojeda*, 946 F.3d 622, 627 (2d Cir. 2020), including interpretations of the Federal Rules of Criminal Procedure, *United States v. Bradley*, 105 F.4th 26, 33 (2d Cir. 2024). A sentencing court fails to comply with Rule 32 when it does not "verify" whether the defendant and his counsel have read and discussed the PSR. *United States v. Gates*, 84 F.4th 496, 506 (2d Cir. 2023). The Rule is thus calculated to ensure that a defendant's attorney discusses the contents of the report with him. *Id.* (emphasizing Rule 32's discussion requirement).

Here, of course, Beardsley did not have an attorney, since he had previously chosen to represent himself for purposes of sentencing. So the district court asked Beardsley himself whether he had read his PSR. Indeed, unlike the sentencing court in *Gates*, which "ignored the government's respectful suggestion that the court inquire as to whether Gates and her counsel had read and discussed the PSR," *id.*, the court here questioned Beardsley multiple times as to whether he had read his presentence report, App'x at 386 ("[H]ave you received that report and had a chance to study it?"; "Have you read this February 3, 2025, presentence report, Mr. Beardsley?"). This case presents an altogether different challenge than

the one presented in *Gates* – namely, what is a district court to do with a *pro se* defendant who has been given ample opportunity to read his PSR but refuses to do so?  Short of reading the PSR aloud in open court, it is difficult to imagine how a district court can go about "verify[ing]" that such a defendant has "read . . . the presentence report and any addendum to the report" before sentencing.  Fed. R. Crim. P. 32(i)(1)(A).

Fortunately, we need not ponder this question for long, since even if it could be argued that the district court failed to "verify" that Beardsley read his PSR before sentencing, Beardsley "cannot complain of an [alleged] error that he himself invited."  *United States v. Wellington*, 417 F.3d 284, 290 (2d Cir. 2005).  By simultaneously refusing to read his PSR while affirmatively indicating that he "[did]n't want [any] more postponements" on the day of sentencing, App'x at 388–89, Beardsley engineered the very crisis that he now asks us to repair.  Our caselaw is clear that we will not "provide relief on the basis of procedural errors that a defendant himself invited or provoked the district court to commit."  *United States v. Bastian*, 770 F.3d 212, 218 (2d Cir. 2014).  Such is the case here.

*   *   *

We have considered Beardsley's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court